Escobar-Garcia v. Bondi

BIA
McFarland, IJ
A208 463 158

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

MARIA MARIBEL ESCOBAR-GARCIA,
> *Petitioner,*

v. 23-6581
NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER: Joshua Bardavid, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Leslie McKay, Jessica E. Burns, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Maria Maribel Escobar-Garcia, a native and citizen of Honduras, seeks review of a May 5, 2023, decision of the BIA affirming an August 6, 2019, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maria Maribel Escobar-Garcia*, No. A208 463 158 (B.I.A. May 5, 2023), *aff'g* No. A208 463 158 (Immigr. Ct. N.Y.C. Aug. 6, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings under the substantial evidence standard and questions of law and application of law to fact *de novo. See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum, an applicant must show past persecution or a well-founded fear of future persecution. 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a), (b). "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (internal quotation marks and citations omitted). "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (internal quotation marks and citations omitted).

The agency did not err in concluding that Escobar-Garcia failed to establish persecution based on abuse by her former partner, Marcos Cruz, because Cruz is a private actor, and she did not demonstrate that Honduran officials were unable or unwilling to protect her or would be unable or unwilling to protect her in the

future.   The record establishes that Escobar-Garcia filed a domestic violence complaint in Honduras in 2011, and the court implemented security measures for a term of six months, which included prohibiting Cruz from visiting Escobar-Garcia's home.   That court also held Cruz in contempt when he did not come to a hearing, and found him guilty of domestic violence and imposed a sentence of community service.   These actions are consistent with country conditions evidence.   According to the 2018 U.S. State Department report on Honduras, the legal penalty for a first domestic violence offense where the victim's injuries do not reach the level of a criminal act is a sentence of one to three months of community service, and victims are entitled to certain protective measures.

Escobar-Garcia argues that the Honduran government did not protect her after 2011 even though her abuse persisted.   Yet she did not allege that she sought additional help from the court or from other authorities.   Although her failure to report continued abuse does not *preclude* a finding that the authorities were unable or unwilling to protect her, because she did not seek further assistance, she has no individualized evidence that Honduran authorities would not have continued to help her as they did in 2011.   *See Scarlett*, 957 F.3d at 331 ("As this formulation makes plain, the unwilling-or-unable standard requires an applicant to show more

4

than government failure to act[] on a particular report of an individual crime, or difficulty . . . controlling private behavior." (internal quotation marks and citation omitted)); *cf. Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593 (2d Cir. 2021) (holding that "failure to ask for police help is not enough, by itself, to preclude a finding of acquiescence" to torture as required for CAT relief but concluding that the agency was not compelled to find acquiescence where petitioner gave police wrong information and country conditions showed efforts to combat gang violence). And the country conditions evidence suggests that the authorities would have responded because the law provides that the penalties for perpetrators of domestic violence escalate with additional incidents.

The record does not support Escobar-Garcia's claim that the IJ failed to consider all the country conditions evidence. "[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). The agency acknowledged evidence that violence against women continued to be a serious problem in Honduras. But as the agency found, the evidence also shows that the Honduran government punishes the perpetrators of such violence and has implemented additional support for women experiencing

domestic violence. The only other relevant evidence was Escobar-Garcia's expert reports, to which the IJ reasonably gave limited weight as they were several years old, and the experts were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Finally, Escobar-Garcia's reliance on *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (B.I.A. 2014), is misplaced because she did not claim that the police in her case declined to intervene, nor did she present country conditions evidence of the police refusing to help other victims of domestic abuse. Given the police response and country conditions evidence, the agency did not err in concluding that she failed to satisfy her burden of showing that the government was or would be unable or unwilling to protect her. That conclusion is dispositive of asylum and withholding of removal because both forms of relief require an applicant to establish persecution by a state actor or by a private actor the government is unable or unwilling to control. *See Singh*, 11 F.4th at 114–15.

Escobar-Garcia's CAT claim fails for similar reasons. A CAT applicant has the burden to show she will "more likely than not" be tortured, and that such torture would be by or with the consent or acquiescence of public officials.

6

8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).   In affirming the denial of CAT relief, the BIA acknowledged evidence of violence against women but concluded that the evidence did not establish that the Honduran government would acquiesce to Escobar-Garcia's torture, especially considering the assistance she received from the Honduran court.   As discussed above, while her failure to ask the police or court for further assistance does not preclude a finding that authorities would acquiesce to future abuse, the evidence does not compel a conclusion that she is likely to be tortured or that the authorities would likely acquiesce given the past response and the evidence that the government is taking steps to protect victims of domestic violence.   *See Quintanilla-Mejia*, 3 F.4th at 593–94 ("[S]ubstantial evidence review . . . requires us to ask only whether record evidence compelled an acquiescence finding different from that reached by the agency.").

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7